## HENRY D. BOSWELL *v.* W. F. MILLER.

**Arbitration—Contents of Petition.**

> The terms of a submission to arbitration should be stated in the plaintiff's petition, to enable the court trying the action on the award to see whether the arbitrators have decided matters not submitted to them.

**Petition on Award.**

> A petition on an award should set out so much of the terms of submission, with sufficient certainty, as to show that the award made is within the terms of submission, and when it fails to so state, it will be held insufficient.

### APPEAL FROM OHIO CIRCUIT COURT.

January 18, 1877.

OPINION BY JUDGE ELLIOTT:

It seems to us that the petition of the appellant fails to state the matters and things which were submitted by him and the appellee to arbitration, and in regard to which they agreed to a settlement by award. The terms of a submission to arbitration should be stated in the plaintiff's petition to enable the court trying the action on the award to see whether the arbitrators have decided matters not submitted to them by the parties; for if they do, their decision as to those matters does not bind the parties to the submission.

The terms of the submission are copied into this record, and also the award, and it seems that by the term of the submission the arbitrators had no power to settle the private accounts between the parties. The terms of the submission directed them to "decide the controversy between W. F. Miller and H. D. Boswell, relative to a tract of land in Ohio county now occupied by A. H. Wright," and had the terms of submission been set out the court could have seen whether the award properly responded to them.

We are of the opinion that the pleader, when he sues on an award, should set out so much of the terms of submission, and with sufficient certainty, as to show that the award made by the arbitrators is within the terms of submission, or, in other words, that the arbitrators have authority, by virtue of the submission, to make the award which is returned. The petition of the appellant fails to state what matters were submitted to the arbitrators, and he makes no general allegation that the arbitrators had full power and authority by the terms of the submission to make and return the award upon which his action was brought. His petition is indefinite as to the terms of submission, and also as to the award, and is too vague and uncertain in its averments.

Wherefore the judgment sustaining a demurrer to it is *affirmed*.

*Walker & Hubbard, for appellant.* ·

*M. Henry & Hill, for appellee.*